**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAXIMILIANO CRUZ RUIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-71438

Agency No. A076-612-203

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Maximiliano Cruz Ruiz, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his request for

termination and dismissing his appeal from an immigration judge's decision

denying his application for withholding of removal and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

In his opening brief, Cruz Ruiz does not challenge the bases for the agency's adverse credibility determination.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  He also does not challenge the agency's determination that the particular social group he proposed was not cognizable.  *See id.*  Thus, we deny the petition for review as to withholding of removal.

Substantial evidence supports the agency's denial of CAT relief, where Cruz Ruiz's claim is based on the same testimony found not credible and he points to no other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Cruz Ruiz does not raise any argument challenging the BIA's conclusion that termination of proceedings was unwarranted.  *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-71438